No. 342

COLLINS v. COLLINS et al

Ohio Court of Appeals, Allen County
No. 18928. March 19, 1923

This opinion has not been published except in Abstract.

EVIDENCE—(1) Where some evidence, supporting verdict, it will not be reversed unless verdict is manifestly against weight of evidence—(2) Admissibility of attending circumstances to show intention to revoke will—(3) Declarations and statements of testator to his attorneys are competent to show intention.

RICHARDS, J.

Epitomized Opinion

Plaintiff brought an action to contest the validity of the will of her great grandfather. The original will was executed in 1907 by the plaintiff's grandfather, and two codicils were attached thereto at later dates, the second codicil being executed in 1919. This second codicil revoked certain items in the original will, but was torn from the will by the testator and destroyed at his direction during the same year, i. e., 1919. The evidence disclosed that the testator did not revive the original will, but that he showed an intention to revive and give effect to his first will. A verdict was rendered for the contestant from which the defendants prosecuted error. The Court of Appeals held:

1. That as there was some evidence supporting the verdict of the jury it cannot be said that the verdict was manifestly against the weight of the evidence.

2. Where the attending conditions and circumstances at the time of the revocation of a codicil to a will show an intention to revive and give effect to the first will, the first will shall be revived.

3. The declarations and statements of the testator to his attorney competent to show his intention and do not come within the rule of privileged communications.

Attorneys—Hamilton and Messrs. Kinger & Kinger, for Perry Collins et al.; Bentley and Leete, for Dorothy Collins et al.

No. 343

PICCIANO v. TODAN

Ohio Court of Appeals, Eighth Dist.
No. 4278. March 19, 1923

This opinion has not been published except in Abstract.

ERROR—Failure to sustain demurrer to petition held to be.

Vickery, P. J., Sullivan and Levine, JJ.

PER CURIAM.

Error to Cuyahoga Common Pleas
Judgment Reversed
Epitomized Opinion

The judgment of the defendant in error obtained in the court below is reversed, for the reason that the court erred in not sustaining the petition therein filed, for at least three separate reasons. First: There was a misjoinder of causes of action. Second: There was a failure to make one of the signers of the note a party to the proceedings, and the petition did not state any reason why they could not make him so. Third: Mrs. Picciano was wrongfully made a party.

Case remanded to the Common Pleas, with instructions to sustain the demurrer.

Attorneys—S. A. Grosner for Picciano; G. Z. Weintraub, Contra.

No. 344

GROW v. WENK

Ohio Court of Appeals, Summit County
No. 660. Nov. 2, 1922

This opinion has not been published except in Abstract.

PREJUDICIAL ERROR—(1) Evidence not against weight of evidence—(2) Conversations admissible where the contract is not a written instrument.

BY THE COURT.

Epitomized Opinion

Grow was the owner of a summer cottage situated on land owned by one Miller. The lease was a year lease at the rate of $10 a year. In December, 1920 Miller notified Grow that his occupancy would not be permitted for a longer time than another year and then only upon condition that he pay $25 ground rental. Grow immediately sold the cottage to Wenk for $1,000 including any rights he had in the land upon which the cottage was situated. Miller immediately notified Wenk that the right to occupy for one year longer had been given only to Grow and that Wenk would not be permitted to occupy the cottage. Wenk then asked Grow to return her money, which he refused to do. He then sued Grow for money had and received. This cause seems to have been based upon the theory of fraud and misrepresentation although the pleadings were never amended. As the verdict was rendered for Wenk, Grow prosecuted error. Held:

1. As the verdict was supported by evidence, this court cannot say as a matter of law that the verdict was manifestly against the weight of evidence.

2. Where the contract is not a written instrument, conversations had between the parties or their agent before the sale are admissible.

Attorneys—Rockwell & Grant, for Grow; Kryder & Baer, for Wenk.

No. 345

GOFF-KIRBY COAL CO. v. FUEL CORP. OF AMERICA

Ohio Court of Appeals, Eighth Dist.
No. 4309. April 16, 1923

This opinion has not been published except in Abstract.

SALES—Deficiency in quality of coal ordered—ERROR—Judgment against manifest weight of evidence.

Middleton, P. J., Sayre and Mauck, JJ., Fourth Dist., Sitting

BY THE COURT.

Error to the Cleveland Municipal Court
Judgment Reversed
Epitomized Opinion

There was no error in continuing the case in the trial court for the purpose of hearing additional evidence. Moreover, such continuance was not prejudicial to any of the rights of the plaintiff in error but on the contrary, it resulted in the submission by the plaintiff in error, of important and material evidence favorable to its claim. While on the whole evidence, it appears that the coal in controversy was considerably below the standard quality of mine run coal from Pool 34, it is clearly shown that at least two cars of the four involved here did not contain the kind of coal ordered, but came from a mine classified as Pool 44, which, it is admitted, was of a poorer quality. This fact alone, entitled the plaintiff, in error to refuse to pay the contract price for the same, and it should be held to account only for its reasonable value, which the evidence shows was about $1.50 per ton.

Judgment reversed for the reason that it is against the manifest weight of the evidence, and case remanded to the Municipal Court for further proceedings according to law.

Attorneys—C. F. Taplin and E. L. Baker, for Coal Co.; A. W. Heinrich, Contra.